### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

DUANE GUTHRIE,

                Petitioner,

v.                                              CIVIL ACTION NO. 5:09-cv-00311

D. BERKEBILE,

                Respondent.

### MEMORANDUM OPINION AND ORDER

The Petitioner, Duane Guthrie ("Petitioner"), proceeding *pro se* brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner requests this Court to review his conviction, by asserting that he is actually innocent of 18 U.S.C. § 924(c)(1), because he did not "use" a firearm in a drug transaction. (*See* Application under 28 U.S.C. § 2241 For Writ of Habeas Corpus Petition By a Person in State or Federal Custody ("Section 2241 Petition") (Document 1 at 10.) For the reasons that follow, the Court does hereby notify the Petitioner that the Court intends to recharacterize his Section 2241 Petition as a Motion to Vacate, Set Aside or Correct Petitioner's Sentence, pursuant to 28 U.S.C. § 2255 and transfer the matter to the sentencing court.

I.

On June 20, 2007, Petitioner pled guilty to three counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (counts one through three); two counts

---

[1] Since Petitioner is proceeding *pro se* his Petition will "be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (counts four and five); and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (count six) in the United States District Court for the Western District of Kentucky. On December 13, 2007, during sentencing, the Court granted the Government's motion for a downward departure and Petitioner was sentenced to twenty-four (24) months of imprisonment as to counts one through five, and a consecutive period of imprisonment of sixty (60) months as to count six, for a total of eighty-four (84) months. Petitioner did not file a direct appeal.

On March 31, 2008, Petitioner filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c), citing Amendment 706 to the Guidelines, which generally reduces the base offense levels in the United States Sentencing Guidelines Section 2D1.1 by two levels in matters involving cocaine base offenses. The sentencing court denied Petitioner's motion without prejudice on July 16, 2008.[2] The matter of a sentence reduction was again raised in October 28, 2008, with the filing of the Probation Officers' Memorandum of Recalculation. However, on May 1, 2009, the sentencing court again denied the motion for sentence reduction pursuant to 18 U.S.C. § 3582. Petitioner filed an appeal of the denial on May 18, 2009.

On January 15, 2009, Petitioner filed in the sentencing court a motion to vacate, set aside or correct sentence "on the grounds that (1) he is actually innocent; (2) the court imposed a sentence in violation of the United States Constitution; (3) the court lacked jurisdiction to impose the sentence; and (4) the U. S. Supreme Court's decisions in *Watson v. United States*, 552 U.S. 74

---

[2] Petitioner sought appellate review of the denial, however, on September 4, 2008 the United States Court of Appeals for the Sixth Circuit granted his motion to voluntarily dismiss the case.

(2007) and *Bailey v. United States*, 516 U.S. 137 (1995) preclude his conviction with respect to the firearm offense." (*See United States v. Guthrie*, Criminal No. 3:05-cr-00129 (W. D. Ky Nov. 9, 2009)). Without making a determination of the merits of the motion, the Court denied relief on the basis the motion was premature. (*Id.*) The Court concluded that Petitioner was not entitled to have a direct appeal and a Section 2255 proceeding pending simultaneously. (*Id.*) On December 16, 2009, the Sixth Circuit Court of Appeals affirmed the district court's decision to deny Petitioner's motion for sentence reduction pursuant to 18 U.S.C. § 3582. (*United States v. Guthrie*, No.09-5616 (6th Cir. 2009)).

On March 27, 2009, two months after filing his Section 2255 motion with the sentencing court, Petitioner filed the instant motion.[3] By Standing Order entered on March 27, 2009, this matter was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. (Document 2). Petitioner contests his conviction of count six, for using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Petitioner asserts a claim of actual innocense of the charged offense and ineffective assistance of counsel. (*See* Section 2241 Petition at 3). He contends that the applicable law requires the Government to show active employment of a firearm rather than a showing of mere possession. (*Id.* at 10.) He also asserts that he "repeated[ly]] told the court that [he] did not used [sic] the weapon." (*Id.* at 11.)

---

[3] Petitioner is currently an inmate at Federal Correctional Institute-Beckley ("FCI-Beckley").

3

II.

The statutory framework for post-conviction relief from federal judgments of conviction is found in Chapter 153 of Title 28 of the United States Code. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief. A Section 2241 petition attacks the manner in which a sentence is executed, 28 U.S.C. § 2241(a), while a federal inmate seeking to collaterally attack the imposition or validity of his federal judgment and sentence is required to bring a motion to vacate the sentence pursuant to 28 U.S.C. § 2255(a).[4] *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). "In contrast to a [Section] 2255 habeas petition, which is filed with the original sentencing court, a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined." *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008); 28 U.S.C. § 2255(a). While a federal prisoner may not seek collateral relief from a conviction or sentence by way of a Section 2241 petition generally, there is an exception under the oft-referenced "savings clause" in Section 2255. The provision provides that a prisoner may seek relief under Section 2241 if the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The "savings clause" is not triggered "merely . . . because an individual is

---

[4] Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 (a).

procedurally barred from filing a Section 2255 motion[.]" *Vial*, 115 F.3d at 1194. Additionally, Section 2255 "is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit Court of Appeals has recognized that the savings clause applies in only very limited circumstances. Specifically, Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *Jones*, 226 F.3d at 333-34.); *Darden v. Stephens*, No.10-7496, 2011 WL 1625094, at *1 (4th Cir. Apr. 29, 2011). The petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective. *Hood v. United States*, 13 F.App'x 72 (4th Cir. 2001) (unpublished decision); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

III.

A review of Petitioner's Section 2241 Petition reveals that he is challenging the legality of his conviction and sentence. While Petitioner may have styled his filing as a Section 2241 Petition, it is assuredly a thinly veiled Section 2255 Motion. There has been a "longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (citing *United States v. Emmanuel*, 288 F.3d 644, 647 (4th Cir. 2002)). Moreover, Petitioner has not demonstrated, nor can he, that Section 2255 is inadequate or ineffective such that he is entitled to resort to Section 2241.

Since challenges of the underlying conviction or sentence are not properly considered under Section 2241, in the interest of justice, this Court finds that Petitioner's Section 2241 Petition should be construed as a motion made pursuant to 28 U.S.C. § 2255 and is, therefore, subject to the gateway and procedural requirements thereof. "[A] district court may not recharacterize a prisoner's filing as a [Section] 2255 petition without notifying the prisoner of its intent to recharacterize the motion, warning the prisoner of the effects of recharacterization, and giving the prisoner an opportunity to withdraw or amend his motion." *United States v. Blackstock*, 513 F.3d 128, 131 (4th Cir. 2008) (citation omitted); *see also Castro v. United States*, 540 U.S. 375, 383 (2003) (The Supreme Court held that if a district court recharacterizes a prisoner's motion as his first [Section] 2255 motion, "the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that the recharacterization means that any subsequent [Section] 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [Section] 2255 claims he believes he has.").[5] Moreover, this Court lacks jurisdiction to consider Petitioner's Section 2255 motion as claims challenging the validity of a conviction or sentence must be brought in the court which imposed the sentence, in this case, the Western District of Kentucky. 28 U.S.C. § 2255(a).

Additionally, this Court observes that if this matter is recharacterized as a Section 2255 motion, it appears that the Section 2255 motion may be barred as untimely under that section's one-

---

[5] Although Petitioner has previously moved in the sentencing court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, this Court finds that the motion was not denied on its merits. Therefore, the Court provides this notification to Petitioner in that a re-characterization of his Section 2241 Petition would be his first Section 2255 motion. (*See United States v. Gardner*, 132 F. App'x 467, 468 (4th Cir. 2005) (unpublished decision) (citing *Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir. 2003); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643, 644 (1998)).

6

year limitation period.[6] This one-year limitation period may be raised *sua sponte* by the Court. *See Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); *see also Untied States v. Sosa*, 364 F.3d 507, 510 (4th Cir. 2004) (applying *Hill* to a Section 2255 action.) However, the Fourth Circuit in *Hill* has instructed that before a court can *sua sponte* dismiss a habeas petition as untimely, the petitioner must be provided "notice and an opportunity to respond." *Hill*, 277 F.3d at 707. Further, the one-year limitation period is subject to equitable tolling. However, equitable tolling is available only in "'those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation against the party.'" *Id*. at 704 (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *Sosa*, 364 F.3d at 512. The United States Supreme Court constructed the framework for equitable tolling in the post conviction context by requiring a petitioner to demonstrate (1) that he has been pursuing his rights diligently, and (2) that extraordinary circumstances stood in his way and prevented timely filing. *Holland v. Florida*, --- U.S. ---, 130 S.Ct. 2549, 2562 (2010); *United States v. Oriakhi*, 394 F.App'x 976 (4th Cir. 2010) (unpublished decision) (considering that equitable tolling applies to Section 2255 proceedings and utilizing test in *Holland*). Petitioner's conviction and sentence were imposed by Judgment filed on December 13, 2007 and he did not file a direct appeal. It appears that Petitioner's recharacterized

---

[6] A 1-year period of limitation shall apply to a motion under [Section 2255]. The limitation period shall run from the latest of  —
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Section 2255 motion may be untimely. However, on the record before the Court, which is devoid of any discussion about the timeliness of the petition or whether Petitioner was impeded from filing within the one-year limitation period, this Court cannot make any determination regarding whether the recharacterized Section 2255 motion would be timely due to any consideration of equitable tolling.

IV.

Given that this Court has found reason to recharacterize the Petitioner's instant Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 as a Motion to Vacate, Set Aside or Correct Petitioner's Sentence, pursuant to 28 U.S.C. § 2255 and determined that the one-year statute of limitations may be an issue, Petitioner is hereby **NOTIFIED** as follows:

> **(1)** This Court intends to recharacterize his Section 2241 Petition as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to Section 2255 and transfer the motion to the sentencing court in the Western District of Kentucky;
>
> **(2)** Since it appears that such a recharacterization would be Petitioner's first Section 2255 motion, Petitioner must advise the Court whether he: (a) objects to the Court construing his Petition as a Section 2255 motion, (b) desires to withdraw his motion, or (c) to amend the motion so that it contains all the Section 2255 claims he believes he has;
>
> **(3)** In considering whether to proceed under Section 2255, or on the petition as filed, Petitioner is advised that: (a) there is a one-year limitation period within which to file a Section 2255 motion;[7] (b) only one Section 2255 motion is permitted to be filed, and (c) a prisoner is not entitled to "file a second or successive . . . [Section] 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals[]"[8] (d) a petitioner may collaterally attack his conviction under

---

[7] *See supra* n.6.

[8] Before a federal inmate may litigate a second Section 2255 habeas petition, Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by

(continued...)

>Section 2241 when he demonstrates that a motion under Section 2255 is "inadequate or ineffective to test the legality of his detention." *Vial*, 115 F.3d at 1194 (4th Cir. 1997); 28 U.S.C. § 2255(e), and
>
>**(4)** The recharacterized Section 2255 motion may be time-barred and subject to dismissal. However, as discussed above, Petitioner has the opportunity to establish that his claims are not time-barred or that the application of equitable tolling applies.

Therefore, based upon the foregoing, the Court does hereby **ORDER** that Petitioner shall have until **February 2, 2012**, in which to inform this Court, in writing, whether he objects to the Court recharacterizing his petition as a Section 2255 motion or if he wishes to "withdraw the motion or to amend it so that it contains all the [Section] 2255 claims he believes he has." *Castro*, 540 U.S. at 383. If Petitioner does not object to the recharacterization, he must also demonstrate to the Court that the Section 2255 motion would be "filed within the proper time period," (*Hill*, 277 F.3d at 708) and his motion will be transferred to the sentencing court. If Petitioner objects to the recharacterization, his Section 2241 Petition will be ruled upon as styled and dismissed, for the reasons discussed herein.

Finally, in light of the instant ruling, the Court does hereby respectfully decline to adopt the Magistrate Judge's PF&R at this time.

---

[8](...continued)
>>a panel of the appropriate court of appeals to contain –
>>>(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

>28 U.S.C. § 2255(h).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                    ENTER:      January 18, 2012

                    IRENE C. BERGER
                    UNITED STATES DISTRICT JUDGE
                    SOUTHERN DISTRICT OF WEST VIRGINIA